(77 South. 789)

No. 22930.

STATE v. GORDON.

(Jan. 28, 1918.)

*(Syllabus by the Court.)*

1. CRIMINAL LAW ⟂1166½(12)—APPEAL—HARMLESS ERROR—REMARKS OF JUDGE.

Remarks of the judge to counsel during the trial of a cause which do not bear upon the accused, the witness, or the testimony, and are not injurious to the accused, are not sufficient cause for the remanding of a case for a new trial.

2. CRIMINAL LAW ⟂1090(19)—APPEAL—BILL OF EXCEPTIONS—EVIDENCE.

Where evidence is not taken down and made a part of a bill of exceptions, the statement of the trial judge as to what the evidence was will be accepted as correct.

Appeal from Tenth Judicial District Court, Parish of Concordia; N. M. Calhoun, Judge.

Ernest Gordon was convicted of murder, and he appeals. Affirmed.

Perrin & Perrin, of Jena, for appellant. A. V. Coco, Atty. Gen., and Jos. M. Reeves, Dist. Atty., of Vidalia (Dale, Young & Dale and Hugh Tullis, all of Vidalia, and Vernon A. Coco, of New Orleans, of counsel), for the State.

SOMMERVILLE, J. Ernest Gordon and Ike Hardin were jointly indicted for murder. When the case was called for trial, Ike Hardin withdrew the plea of not guilty and pleaded guilty of manslaughter, and he was sentenced.

Gordon was found guilty as charged and sentenced. He has appealed, and he depends on two bills of exceptions for a reversal of the verdict and sentence.

[1] The first bill was taken to a remark of the judge made to counsel for defendant in overruling an objection to certain evidence.

It appears that the prosecution asked a witness:

"What was Ike Hardin arrested for?"

Whereupon objection was made by counsel for defendant for the reason that Ike Hardin was not on trial. On overruling the objection, the judge remarked:

"It looked like you were trying Ike Hardin a while ago, from the manner of the examination of that witness. You impressed the court very forcibly with the idea that you were trying Ike Hardin."

Defendant says that the above remarks embrace an expression of opinion on the evidence.

There was no expression of opinion on the evidence in the remarks of the judge. They do not refer to any evidence whatever. In

the per curiam of the judge he states that the question was not answered, although the objection thereto was overruled. There was no evidence before the court at the time for it to comment upon. The remarks of the judge were addressed to counsel, and referred to him exclusively, and not to any witness or any evidence in the case. They contain no expression of opinion on any evidence.

[2] The second bill of exceptions was taken to the overruling of an objection to the following question asked D. V. Magoun, a witness for the state:

"Did she or not (meaning the wife of the deceased), that night, say anything to you about her face being burned from the powder from the shot that she told about?"

The ground of objection was that the evidence was an attempt to impeach a witness without first laying a foundation for doing so.

No testimony was attached to the bill; and the per curiam of the judge says that the question was addressed to the witness Philimore Burley, and not to D. V. Magoun.

There are portions of the evidence in the transcript, and it appears therefrom that the judge's statement is correct. It was Philimore Burley who was asked the question.

The court further states that the witness, the wife of the deceased, had had her attention directed to the time, the place, the occasion, and the circumstances attending the statement as testified to by her in regard to the powder burn on her face and that the proper foundation had been laid for the admission of the testimony.

The testimony of the wife of the deceased is not made part of the bill, and it is not in the transcript.

The judge's statement that the proper foundation for the impeaching evidence had been laid is accepted as correct, and his ruling is approved.

Judgment affirmed.